## STATE v. JOHN JOHNS.

Court of Common Pleas. Kent. May, 1818.

*Clayton's Notebook, 59.*

PER CURIAM. We are clear that the Act embraces this case, and such has been the construction ever since it passed.

When the Court was about to pronounce sentence on the prisoner, his counsel objected that section 14 of Chapter 22a was supplied and repealed by Chapter 90a, s. 29, [1 Del.Laws 235,] and that under the latter a receiver could not be convicted until after the conviction of the principal, because there is no express provision in Chapter 90 to authorize it; and he referred to several English statutes authorizing expressly the conviction of the receiver. Therefore at common law [1] he could not be so punished, etc.

*Attorney General.* Chapter 22a, s. 14 is not affected by Chapter 90a, which relates to burglars, horse and slave stealers; and section 9 punishes them more severely than the principal offender in common larceny.

The Court said nothing, but pronounced judgment on the prisoner.

---

[1] Footnote by Clayton, "At common law the receiver could not be tried until the felon was convicted, my Esp. 393. [The reference is to the second volume of the 1811 New York edition of Esp. N. P.] But the authorities of the statutes, etc. cited *supra* are nothing, for they had made the receiver an accessory in England, and he clearly could not be prosecuted without conviction of principal unless the statute expressly authorized it."